UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GARY MANGINI,                          Civil No. 11-0270 (NLH/KMW)

        Plaintiff,
                                       **OPINION**

   v.

PENSKE LOGISTICS,

        Defendants.

**APPEARANCES**:

JOSHUA S. BOYETTE
JUSTIN L. SWIDLER
RICHARD STEVEN SWARTZ
SWARTZ SWIDLER LLC
1101 KINGS HIGHWAY NORTH
SUITE 402
CHERRY HILL, NJ 08034
    On behalf of plaintiff

MICHAEL D. HOMANS
RACHEL E. LICAUSI
FLASTER GREENBERG PC
1810 CHAPEL AVENUE WEST
CHERRY HILL, NJ 08002
    On behalf of defendant

**HILLMAN, District Judge**

    This matter has come before the Court on the motion of plaintiff to vacate the Clerk's Order granting defendant's motion for the taxation of costs. For the reasons expressed below, plaintiff's motion will be granted.

**BACKGROUND & ANALYSIS**

After a denial of defendant's motion for summary judgment on plaintiff's claims that defendant violated the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-3, when it terminated plaintiff's employment for his expression of safety concerns about the product load in his delivery truck, the matter proceeded to a three-day jury trial.  On May 6, 2014, a jury returned a verdict in defendant's favor.  On May 13, 2014, a judgment in favor of defendant was entered.  On June 12, 2014, defendant filed a motion pursuant to Federal Civil Procedure Rule 54(d) and Local Civil Rule 54.1 for costs in the amount of $5,271.60, which the Clerk granted in part and denied in part on July 24, 2014, awarding defendant $4,072.78.

Plaintiff has asked the Court to vacate the Clerk's imposition of costs against him, for two reasons.  First, plaintiff argues that defendant did not properly follow the procedures required by Local Rule 54.1.  Second, plaintiff argues that he is financially unable to pay the bill of costs so that it is inequitable to uphold the Clerk's Order.  In response, defendant argues that the filing of its motion for costs was appropriate and plaintiff's failure to timely respond to its motion does not justify the Court vacating the award of costs.  Defendant also argues that plaintiff's statements as to his financial situation are insufficient to support his motion.

Federal Civil Procedure Rule 54(d) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . .  The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action."

The New Jersey District Court Local Civil Rule 54.1 modifies the F.R.C.P.  The Local Rule provides, in relevant part:

> (a) Within 30 days after the entry of a judgment allowing costs, . . . the prevailing party shall serve on the attorney for the adverse party and file with the Clerk a Bill of Costs and Disbursements, together with a notice of motion when application will be made to the Clerk to tax the same.
> . . .
> (d) The notice of motion shall specify the hour and date when application to the Clerk to tax the costs will be made, which shall not be less than three nor more than seven days from the date of the notice if personal service is made and, if service is made by mail, not less than seven nor more than 14 days from the date the notice is deposited in the mail.
> (e) Upon failure of the prevailing party to comply with this Rule, all costs shall be waived.
> (f) At or before the hearing the adverse party may file specific objections to claimed items of cost with a statement of the grounds for objection, supported by affidavits or other evidence.
> . . .
> (h) A dissatisfied party may appeal to the Court upon written notice of motion served within seven days of the Clerk's action, as provided in Fed. R. Civ. P. 54(d)(1).

L. Civ. R. 54.1.

In this case, defendant filed its motion for costs within the 30-day window under the Local Rule.  Defendant did not, however, "specify the hour and date when application to the Clerk to tax the costs will be made" as required by the Rule.  Plaintiff argues that this is fatal to defendant's motion for costs, and that if he had been provided with the proper notice, he would have appeared to object.  Plaintiff also points out that the Rule's procedures are mandatory, as subsection (e) states that all costs are waived if the prevailing party fails to comply with the Rule.

In response, defendant states that the electronic filing system does not provide the mechanism for noticing a specific hour and date, and that the filing of its motion on the electronic filing system provided plaintiff with adequate notice of its motion.  Defendant further argues that the typical practice in this District, as described in the comments to the Local Rule published by a private party, is to relegate a motion for costs to a decision on the papers, rather than the Clerk conducting a formal, in-person hearing.[1]

---

[1] The New Jersey Federal Practice Rules, with Comments and Annotations by Allyn Z. Lite (Gann Law Books 2015), provides at 256, "Although the rule speaks in terms of a 'hearing' at or before which the objections are to be made, the practice in this District is that such objections are made in writing to the Clerk, who reviews the documentation submitted by both sides before deciding what costs are taxable."

4

As a primary matter, even though the cited comments to our Local Civil Rules are published by a highly regarded member of the bar very familiar with the procedures of the Clerk's Office and are often of great assistance to litigants and the Court, it is the Rules themselves, as adopted by the Board of Judges, that govern – not privately published commentary interpreting those Rules.  Thus, despite the claimed existence of a colloquial "District practice" the defendant contends is contrary to the language of the Rule, a prevailing party must follow the requirements of Local Civil Rule 54.1, including the specification of an hour and date when the application for costs will be heard.[2]  Relatedly, even though the electronic filing system does not provide a specific mechanism to select a time and date for a hearing before the Clerk, defendant can easily provide that information on its notice of motion, and it can use the dialog box on the electronic filing system to add that information on the docket.

Thus, because Local Rule 54.1(e) provides that "failure of

---

[2] A close examination of the commentary reveals that it actually supports the Plaintiff's position.  Comment 3a states: "…the notice of motion must set forth the hour and date when the application will be made...." See New Jersey Federal Practice Rules, with Comments and Annotations by Allyn Z. Lite (Gann Law Books 2015), at 256.  The quoted portion from Comment 3c is little more than a recognition that the Clerk may exercise his or her discretion to resolve the application on the submitted papers and often does.

5

the prevailing party to comply with this Rule, all costs shall be waived," and it is undisputed that defendant did not comply with the notice provision of 54.1(d), defendant's award of costs must be vacated on that basis. See, e.g., Michael J. Benenson Assocs., Inc. v. Orthopedic Network of N.J., 54 F. App'x 33 (3d Cir. 2002) (upholding the district court's denial of all costs "in light of plaintiff's failure to comply with Local Civil Rule 54.1 by failing to provide invoice documentation of the items for which it sought reimbursement").[3]

Even if the Court excused defendant's procedural defect, the Court would vacate the award in its equitable discretion to do so. On an appeal challenging the imposition of costs,[4] the Court, in its discretion, may uphold, reduce, or deny a Clerk's Order granting costs pursuant to Rule 54. See Reger v. The Nemours Foundation, Inc., 599 F.3d 285, 288 (3d Cir. 2010) ("[I]f a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so."); In re Paoli R.R. Yard PCB Litigation, 221 F.3d

---

[3] Indeed we believe that the Clerk should have dismissed the application on his own motion in light of the failure of the notice of motion to comply with Local Civil Rule 54.1.

[4] The Rule provides that a dissatisfied party may appeal the Clerk's award of costs to the Court upon written notice of motion served within seven days of the Clerk's action. L. Civ. R. 54.1(h). Plaintiff complied with this requirement by filing his motion to vacate on July 31, 2014.

6

449, 458 (3d Cir. 2000) ("Given the district court's discretionary equitable power to award costs under Rule 54(d)(1), taxation of costs is reviewed only for abuse of discretion."); Bowdren v. Abbott Bamboo, Inc., 2011 WL 4983473, 1 (D.N.J. 2011) (explaining that "'[b]y its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs'" (quoting Ass'n of Mexican American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000)).

The Court takes plaintiff's indigent status into consideration under its equitable power to assess a petition for costs. Plaintiff states that a bill of costs imposed on him for over $4,000 would be crippling, and he has provided documentation demonstrating that his financial condition is poor and that he is struggling to provide for his family. His expenses for essential items for himself and his family exceed his income. This is contrasted to defendant's status as a large well-funded organization that ostensibly will not suffer the same financial impact if it does not recover the $4,000 in costs.

The Court also takes into consideration that even though a jury ultimately found in favor of defendant, plaintiff's claims were not frivolous, and they were substantive enough to withstand defendant's motion for summary judgment. And while we do not fault the defendant for notifying plaintiff that it would seek

7

cost if it prevailed, we have some concern that automatically awarding costs to losing plaintiffs in low wage employment cases, whistleblower cases, civil rights cases, consumer cases, and other types of cases brought under statutes designed to facilitate access to the courts may serve to undermine those legislative determinations.  Here plaintiff believed wrongly – but apparently sincerely – that defendant's policies put its employees and the public at risk.  It would be more equitable in a case like this to let each party bear their costs.  The Court therefore finds, in the alternative, that under all the circumstances present here, it would be inequitable to uphold the Clerk's Order granting defendant its costs, even if defendant strictly complied with the noticing procedures of Local Rule 54.1.

Accordingly, plaintiff's motion to vacate the Clerk's Order granting defendant an award of costs in the amount of $4,072.78 will be granted, and the Clerk's Order vacated.  An appropriate Order will be entered.

Date: March 12, 2015                    s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey